UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD A. SCHMITZ, ) | 3:13-cv-00687-LRH-WGC |
| Plaintiff, ) | |
| ) | **REPORT & RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| vs. ) | |
| ST. VINCENT DINING ROOM, et. al., ) | |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1)[1], and complaint (Doc. # 1-1). After a thorough review, the court recommends that Plaintiff's application to proceed in forma pauperis be granted, but that Plaintiff be required to pay the entire filing fee over time, and that Plaintiff's complaint be filed and dismissed with prejudice.

**I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.

---

[1] Refers to court's docket number.

1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

When a prisoner seeks to proceed without prepaying the filing fee:

> [I]n addition to filing the affidavit filed [as described above], shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

Notwithstanding the foregoing:

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff, who is presently incarcerated, indicates he is not employed and has received no other income. (Doc. # 1.) His financial certificate indicates that his average monthly balance in his inmate account is $41.63. (*Id.*)

Pursuant to 28 U.S.C. § 1915, Plaintiff's application to proceed in forma pauperis should be granted; however, Plaintiff must pay the full amount of the filing fee over time. Plaintiff should be ordered to pay within thirty days of an order adopting and accepting this report and recommendation, the initial partial filing fee of 20 percent of the greater of the average monthly deposits to his account or the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint. Plaintiff should thereafter be required to make monthly payments of 20 percent of the preceding month's income credited to his prisoner account,

and the NDOC or other agency in custody of Plaintiff should forward payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fee is paid.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915A requires that the court "review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative

3

level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

**1. Summary of Complaint**

Plaintiff brings this complaint against defendant St. Vincent Dining Room and its John Doe director. (Doc. # 1-1.) Plaintiff alleges that when he was in line to get a meal at St. Vincent's, he was confronted by the director of the facility who accused Plaintiff of having already eaten. (Doc. # 1-1 at 3.) Plaintiff assured him he had not already eaten, but the director continued to accuse him of this conduct. (*Id*.) Plaintiff became agitated and threw a cup of milk in the man's direction, and proceeded to leave the property. (*Id*. at 3-4.) Plaintiff avers that the director then instructed workers to subdue Plaintiff and beat him up, and in fear Plaintiff pulled out a three-inch knife to defend himself; however, they continued to attack him. (*Id*. at 4.) Plaintiff contends that as a result of their actions he was arrested and put in prison and lost his possessions. (*Id*.)

**2. Analysis**

Plaintiff does not state a claim upon which relief may be granted as it appears the court has no jurisdiction over this case. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition,

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States; (2) citizens of a State and citizens or

>subjects of a foreign state, except that the district courts shall not have jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties...

28 U.S.C. § 1332(a).

Plaintiff brings this action against St. Vincent Dining Room in Reno, Nevada, related to an altercation that occurred at the dining room in Reno, Nevada. Plaintiff is incarcerated in Nevada. Accordingly, there is no basis for diversity jurisdiction over this matter.

Nor is there a basis for federal question jurisdiction as Plaintiff's allegations do not implicate the Constitution, laws, or treaties of the United States. To the extent Plaintiff is attempting to assert a Fourth Amendment violation, he has alleged no state action as his averments are directed at St. Vincent Dining Room and it's directors and possibly other employees. "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989). Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). Because Plaintiff's allegations are only directed at a private entity and private individual(s), there is no state action, and this case should be dismissed.

**C. Conclusion**

For the foregoing reasons, Plaintiff's action should be dismissed. Because it appears clear that the deficiencies in Plaintiff's complaint cannot be cured by amendment, the dismissal should be with prejudice. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

*///*
*///*
*///*
*///*
*///*
*///*
*///*

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order that:

(1) Plaintiff's application to proceed in forma pauperis (Doc. # 1) be **GRANTED**; however, Plaintiff should be required to pay the full amount of the filing fee over time. Plaintiff should ordered to pay within thirty days of any order adopting and accepting this report and recommendation, the initial partial filing fee of 20 percent of the greater of the average monthly deposits to his account or the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint. Plaintiff should thereafter be required to make monthly payments of 20 percent of the preceding month's income credited to his prisoner account, and the NDOC or other agency in custody of Plaintiff shall forward payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid;

(2) Plaintiff's complaint be **FILED**; and

(2) Plaintiff's complaint (Doc. # 1-1) be dismissed with prejudice.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**DATED**:   February 18, 2014.

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**